UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUTHERLAND GLOBAL SERVICES INC., et al., | § § § § § | |
| Plaintiffs, | § | |
| v. | § | NO. 1:17-CV-00647-SS |
| OLIVEDALE, INC. et al., | § § § | |
| Defendants. | § | |

# DEFENDANTS' FIRST AMENDED ANSWER AND ORIGINAL COUNTERCLAIM

TO THE HONORABLE JUDGE OF THIS COURT:

Defendants Olivedale, Inc. ("Olivedale") and 1 Mosaic Health Inc. ("1 Mosaic Health") file this first amended answer and original counterclaim in response to the original complaint filed by Plaintiffs Sutherland Global Services Inc. and Sutherland Healthcare Solutions, Inc.

## ANSWER

Defendants respond to Plaintiffs' allegations as follows:

## PARTIES

1. Defendants admit the allegations contained in paragraph 1.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants deny the address of the principal place of business alleged in paragraph 3, but otherwise admit the allegations contained in paragraph 3.

4. Defendants deny the address of the principal place of business alleged in paragraph 4, but otherwise admit the allegations contained in paragraph 4.

## JURISDICTION AND VENUE

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

## FACTUAL BACKGROUND

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.

8. Defendants admit a document titled "Master Service Agreement," which purports to be a contract between "Mosaic Health, Inc." and "Sutherland Global Services Inc.", was executed on or about March 29, 2016. Defendants deny the other allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is necessary. To the extent any response is required, Defendants deny the allegations contained in paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is necessary. To the extent any response is required, Defendants deny the allegations contained in paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is necessary. To the extent any response is required, Defendants deny the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23.

**FIRST CAUSE OF ACTION**
**(Breach of the MSA)**

24. No response is needed to the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

**SPECIAL MATTERS**

32. 1 Mosaic Health specifically denies that it (or its agents) can be sued directly, indirectly, or in a representative capacity as a representative or agent of Olivedale or non-party "Mosaic Health, Inc." 1 Mosaic Health had no legal existence at the time the MSA was executed.

33. Olivedale specifically denies that it (or its agents) can be sued directly, indirectly, or in a representative capacity as a representative or agent of 1 Mosaic Health or non-party "Mosaic Health, Inc."

**AFFIRMATIVE DEFENSES**

34. Plaintiff Sutherland Healthcare Solutions, Inc. lacks standing to sue for breach of the MSA because that entity is not a party to the MSA.

35. Defendants are not liable to Plaintiffs because there is no valid, enforceable contract between Plaintiffs and Defendants. The MSA expressly states it is between Sutherland Global Services Inc. and non-party "Mosaic Health, Inc."

36. Defendants are not liable to Plaintiffs because Plaintiffs' conduct made it impossible for Defendants to comply with the MSA.

37. Defendants are not liable to Plaintiffs because the MSA is unconscionable.

38. Defendants are not liable to Plaintiffs because Plaintiffs failed to mitigate their damages.

39. Defendants are not liable to Plaintiffs because Defendants' performance was excused by Plaintiffs' prior material breach of the MSA.

40. As set out more fully in the original counterclaim below, the contract upon which Plaintiffs have sued is unenforceable because it was procured by and through fraud.

**ORIGINAL COUNTERCLAIM**

Counter-Plaintiffs file this counterclaim against Counter-Defendants, and in support thereof would show the following:

**PARTIES**

41. Counter-Plaintiff Olivedale, Inc. is a Texas corporation, having its principal place of business in Austin, Texas.

42. Counter-Plaintiff 1 Mosaic Health Inc. is a Texas corporation having its principal place of business in Austin, Texas.

4

43. Counter-Defendant Sutherland Global Services Inc. is a New York corporation having its principal place of business at 1160 Pittsford Victor Road, Pittsford, New York 14534.

44. Counter-Defendant Sutherland Healthcare Solutions, Inc. is a Delaware corporation having its principal place of business at 2 Brighton Road #300, Clifton, New Jersey 07012.

**FACTUAL BACKGROUND**

45. Olivedale is a startup company dedicated to building a social media platform that centralizes medical records and social support systems for chronically ill patients. In early 2016, Olivedale needed help to build out this platform and grow the company from its initial start-up phase.

46. Sutherland, through its employee and representative John Kennedy, offered to help Olivedale meet its goals for development and growth. Although Kennedy was Sutherland's negotiating face, Kennedy was not qualified to fill this role. For example, Kennedy was not qualified to: describe the services Sutherland could provide; determine which of Sutherland's services could be of value to Olivedale; or monitor contract performance. Sutherland hired and retained Kennedy to perform this role despite his lack of qualifications. Sutherland further failed to adequately train or supervise Kennedy in this role.

47. Sutherland, through Kennedy, represented it was primarily an engineering and technology firm that also performed consulting work. Sutherland represented it would provide Olivedale with a team of qualified software engineers, managers, physicians, and others to build out Olivedale's platform and help the company reach its goals. These representations were false.

48. On or about March 29, 2016, Sutherland, acting through Kennedy, met with Olivedale's founder to discuss a contract. Kennedy presented the "Master Services Agreement"

5

("MSA") and, through the representations identified above and others, induced Olivedale's founder to execute the MSA.

49. Olivedale's founder executed the MSA on behalf of "Mosaic Health, Inc." at Kennedy's instruction and in reliance on Kennedy's numerous representations.

## COUNT ONE: FRAUDULENT INDUCEMENT

50. Paragraphs 45 through 49 are incorporated as if fully stated herein.

51. Sutherland induced Counter-Plaintiffs to execute the MSA through the use of false, misleading, material representations about Sutherland's capabilities and intentions. Sutherland made those misrepresentations knowing they were false, or did so recklessly, with the intent that Counter-Plaintiffs rely on the misrepresentations. Counter-Plaintiffs did rely on those misrepresentations and suffered injuries as a result.

52. As a result of the misrepresentations by Sutherland, Counter-Plaintiffs have suffered damages. Counter-Plaintiffs are entitled to rescission of the MSA.

## COUNT TWO: NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

53. Paragraphs 45 through 49 are incorporated as if fully stated herein.

54. Sutherland owed Counter-Plaintiffs legal duties to hire, train, supervise, and retain competent employees.

55. Sutherland breached that duty in its hiring, training, supervision, and retention of Kennedy.

56. As a result of Sutherland's numerous breaches, Counter-Plaintiffs suffered damages.

## CONDITIONS PRECEDENT

57. Any and all conditions precedent to Counter-Plaintiffs' recovery have occurred or been satisfied, waived, or excused as a result of the conduct of Sutherland.

## ATTORNEY'S FEES

58. Counter-Plaintiffs have incurred and continued to incur attorney's fees in pursuing recovery for the losses they have suffered as a result of the foregoing acts by Sutherland, including but not limited to outside counsel fees and expenses. Counter-Plaintiffs seek to recover all attorney's fees pursuant to applicable law to which they may show themselves lawfully entitled.

## JURY DEMAND

59. Olivedale demands a trial by jury as to all issues set forth in its claims that are triable to a jury.

## CONCLUSION AND PRAYER

Defendants respectfully request that:

(1) Judgment be entered, after trial or other resolution of this matter, denying Sutherland any relief and awarding Counter-Plaintiffs all actual, consequential, and incidental damages incurred by virtue of the acts of fraudulent inducement described above;

(2) Judgment be entered, after trial or other resolution of this matter, awarding Counter-Plaintiffs exemplary damages;

(3) Judgment be entered, after trial or other resolution of this matter, rescinding the Master Services Agreement, including all Statements of Work issued pursuant to that agreement;

(4) Counter-Plaintiffs be award their reasonable and necessary attorney's fees;

(5) Counter-Plaintiffs be award their costs of suit; and

(6) Counter-Plaintiffs be awarded such other and further relief to which they may be justly entitled including, but not limited to, prejudgment and post-judgment interest as allowed by law.

Respectfully submitted,

BECK | REDDEN LLP

By:   */s/ Eric J.R. Nichols*
      Eric J.R. Nichols
      State Bar No. 14994900
      enichols@beckredden.com
      Karson Karl Thompson
      State Bar No. 24083966
      kthompson@beckredden.com
515 Congress Avenue, Suite 1900
Austin, Texas 78701
Tel:    512-708-1000
Fax:   512-708-1002

**COUNSEL FOR DEFENDANTS OLIVEDALE, INC. AND 1 MOSAIC HEALTH INC.**

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's electronic filing system on this 31st day of January, 2018.

                */s/ Karson Thompson*
                Karson Thompson