IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SUTHERLAND GLOBAL SERVICES,
INC., SUTHERLAND HEALTHCARE
SOLUTIONS, INC.,
        Plaintiffs,

-vs-

OLIVEDALE, INC., 1 MOSAIC
HEALTH INC.,
        Defendants.

CAUSE NO.:
A-17-CV-00647-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs Sutherland Global Services, Inc. (SGS) and Sutherland Healthcare Solutions, Inc. (SHS) (collectively, Sutherland)'s Motion to Dismiss Defendants' Counterclaims [#30], Defendants Olivedale, Inc. (Olivedale) and 1 Mosaic Health, Inc. (Mosaic) (collectively, Defendants)' Response [#31] in opposition, and Sutherland's Reply [#34] thereto. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is a contract dispute case related to a Master Service Agreement (MSA) executed by SGS and Defendants[1] on March 29, 2016. Compl. [#1-2] Ex. 1 (MSA). Under the MSA, SGS agreed to provide services pursuant to mutually agreed upon statements of work, and Mosaic agreed to pay for these services within 30 days of invoicing. *See* MSA at 2, 4–5. SHS, an

---

[1] The parties to the MSA are SGS and Mosaic Health, Inc. The complaint alleges one or more Defendants are doing business under the name Mosaic Health, Inc., but the briefing does not identify which defendant(s), Olivedale and/or Mosaic, are parties to the MSA. This ambiguity need not be resolved for the purposes of this motion.

affiliate of SGS, provided services to Defendants pursuant to numerous statements of work agreed upon by the parties. Compl. [#1] at ¶ 9. Sutherland contends it has fully complied with all terms and conditions of the parties' agreement, and Defendants have breached the MSA by failing to remit payment on 53 invoices. *Id.* at ¶¶ 13–15, 24–31. Sutherland provided Defendants written notice of their alleged breach on Mach 3, 2017, and eventually terminated the MSA on May 16, 2017, due to the unpaid invoices. *Id.* at ¶¶ 19–22.

Sutherland initiated this lawsuit on June 20, 2017, asserting a single claim for breach of contract. *Id.* at ¶¶ 24–31. Defendants Mosaic and Olivedale initially filed separate answers on September 12, 2017. *See* Mosaic Answer [#14]; Olivedale Answer [#15]. On January 31, 2018, Defendants filed an amended answer to which they added counterclaims for fraudulent inducement and negligent hiring, training, supervision, and retention. *See* Am. Answer [#28].

Sutherland moves to dismiss Defendants' counterclaims under Rule 12. *See* Mot. Dismiss [#30]. Sutherland's motion has been fully briefed and is ripe for consideration.

## Analysis

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts "must consider" the complaint, as well as other sources such as documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## I. Application

Sutherland argues Defendants' two counterclaims are untimely and should be dismissed for failure to state a claim under Rule 12(b)(6). As an initial matter, the Court notes the counterclaims are timely as the scheduling order permitted amendments to pleadings as of right through January 31, 2018. *See* Order of Nov. 15, 2017 [#22] at 2. The Court addresses the remaining arguments by counterclaim below.

### A. Fraudulent inducement

Sutherland contends Defendants' fraudulent inducement claim fails to meet the Rule 9(b) heightened pleading standard. *See* Mot. Dismiss [#30] at 5–7. According to Sutherland,

3

Defendants do not allege when, where, and how the alleged fraudulent statements were made, fail to explain how the statements are false, fail to allege any scienter, and also fail to allege harm caused by the statements. *Id.* Additionally, Sutherland avers the terms of the MSA preclude any reliance on statements or representations not recited in the parties' agreements. *Id.* at 7–9.

Defendants counter that they have presented a plausible claim for fraudulent inducement supported by sufficient facts to meet the requirements of Rule 9(b). Resp. [#31] at 3–4. Defendants also argue the terms of the MSA cannot insulate Sutherland from a fraudulent inducement claim. *Id.* at 4–6.

A party claiming fraudulent inducement under Texas law[2] must demonstrate (1) a material representation, (2) that was false, (3) that was either known to be false when made or was asserted without knowledge of the truth, (4) that was intended to be acted upon, (5) was relied upon, and (6) that caused injury. *Dunbar Med. Sys. Inc. v. Gammex Inc.*, 216 F.3d 441, 453 (5th Cir. 2000). A fraudulent inducement claim is subject to the heightened pleading standard set forth in Rule 9(b), requiring the party pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. *Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

Defendants' fraudulent inducement claim is premised on representations Sutherland employee, John Kennedy, made to Olivedale's founder on the same day the MSA was signed. *See* Am. Answer [#28] at 5–6. More specifically, Defendants assert Sutherland fraudulently induced them into signing the MSA when Kennedy represented Sutherland "was primarily an

---

[2] Although the MSA is governed by New York law, the parties agree Texas law should apply to the two tort counterclaims. The Court agrees. *See Thompson & Wallace of Memphis, Inc. v. Falconwood Corp.*, 100 F.3d 429, 433 (5th Cir. 1996) (finding tort causes of action to be separate from the agreement and its enforcement, and thus not governed by the choice-of-law provision within the contract).

4

engineering and technology firm that also performed consulting work," and Sutherland "would provide Olivedale with a team of qualified software engineers, managers, physicians, and others to build out Olivedale's platform and help the company reach its goals." *Id.*; *see also* Resp. [#31] at 3.

Defendants' allegations do not support a plausible claim for fraudulent inducement. To start, Defendants do not explain how the above statements were false or fraudulent. Defendants also fail to explain why or how Kennedy's representations were material, and offer no support for the allegation Kennedy knew these statements were false at the relevant time. Also, Kennedy's alleged promise to provide qualified personnel is a promise of future performance for which Defendants fail to allege was made without any intention of performing. *See Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998) ("A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made.").

For these reasons, Sutherland is entitled to dismissal of Defendants' fraudulent inducement counterclaim under Rule 12(b)(6), and the Court need not address the remaining challenges to this claim.

### B. Negligent hiring, training, supervision, and retention

Sutherland argues dismissal of Defendants' negligence counterclaim is appropriate because Sutherland did not owe Defendants any duty before the MSA was signed and any duties arising under the MSA are purely contractual. *See* Mot. Dismiss [#30] at 9–11. Additionally, Sutherland advances the economic loss rule bars this claim. *Id.* at 11–12.

Defendants contend Sutherland owed a duty to the general public to ascertain the qualifications and competence of Sutherland employee, John Kennedy. Resp. [#31] at 7.

5

Defendants also assert Sutherland owed separate legal duties to train, supervise, and retain Kennedy as a reasonably prudent employer would. *Id.* at 7–8. Finally, Defendants argue the economic loss rule does not apply in this case because Sutherland breached a duty imposed by law independent of the duties in the MSA. *Id.* at 8–10.

Texas imposes a general duty on employers to adequately hire, train, supervise, and retain employees. *See Houser v. Smith*, 968 S.W.2d 542, 544 (Tex. App.—Austin 1998, no pet.); *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App.—Dallas 2015, no pet.). An employer may be liable for negligently performing these responsibilities. *Id.* To bring a negligence claim under this theory, a plaintiff must show: (1) an employee of the defendant committed an actionable tort against the plaintiff, (2) the plaintiff suffered damages as a result of the employee's foreseeable misconduct, (3) the employer was negligent in hiring, training, supervising, or retaining the employee, and (4) the employee's misconduct would not have occurred but for the employer's negligence. *See Eure v. Sage Corp.*, 61 F. Supp. 3d 651, 667 (W.D. Tex. 2014).

While Texas law imposes a general duty on employer Sutherland, Defendants fail to present a plausible claim for negligence arising under this duty. First, there is no plausible allegation Kennedy committed an independent actionable tort against Defendants.[3] *See Nadeau v. Echostar*, EP-12-CV-433-KC, 2013 WL 1715429, at *4 (W.D. Tex. Apr. 19, 2013) (dismissing negligent supervision claim for failure to identify an independent, actionable tort by employee); *See Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 384 (Tex.App.—Houston [1st Dist.] 2005, no pet.) ("To prevail on a claim for negligent hiring or supervision, the plaintiff is required to establish not only that the employer was negligent in hiring or supervising

---

[3] Defendants may assert Kennedy committed an actionable tort in his alleged fraudulent statements, but as explained in the section above, Defendants have not presented a plausible claim of fraud.

the employee, but also that the employee committed an actionable tort against the plaintiff."). Second, Defendants do not allege damages from Kennedy's foreseeable misconduct but only damages from Sutherland's actions. *See* Am. Answer [#28] at 6 (alleging damages from "Sutherland's numerous breaches"). Third, Defendants fail to allege or explain how Kennedy's misconduct would not have occurred but for Sutherland's negligence. Put simply, Defendants have failed to carry their burden on this counterclaim.

Even if Defendants presented a colorable claim of negligence, the claim would be barred by the economic loss. The only damages asserted in this case relate performance (or lack thereof) under the terms of the MSA. In Texas, the "economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc. v. Dallas Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). Defendants correctly note that Texas recognizes an exception to the economic loss rule when a tortfeasor breaches a duty independent of a contractual duty. *See* Resp. [#31] at 8–9. However, this exception also requires "the harm suffered is not merely the economic loss of a contractual benefit."[4] *Chapman*, 445 S.W.3d at 718. Such is not the case here, and thus the asserted negligence claim is barred by the economic loss rule.

In the alternative, Defendants request leave to amend their pleadings to allege additional facts to support their counterclaims. *See* Resp. [#31] at 4, 9–10. This request for leave is denied. Defendants waited seven months to file counterclaims on the last day permitted by the Court's

---

[4] Defendants suggest legal duty is the only relevant inquiry for application of the economic loss rule and the scope of harm or loss is irrelevant. *See* Resp. [#31] at 9 (citing *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 417 (Tex. 2011)). The Court disagrees. The cited case is limited to claims for fraudulent inducement, not tort claims in general. *See Sharyland*, 354 S.W.3d at 417 ("We later declined to extend *DeLanney* to a fraudulent inducement claim, even when the claimant suffered only economic losses to the subject of a contract.").

7

scheduling order. Despite ample time for discovery, Defendants have not identified facts to support a plausible claim for fraudulent inducement or negligence. The parties' dispute sounds in contract, not torts.

## Conclusion

Because Defendants have failed to plead plausible counterclaims, Sutherland is entitled to dismissal of Defendants' counterclaims under Rule 12.

Accordingly,

IT IS ORDERED that Plaintiffs Sutherland Global Services, Inc. and Sutherland Healthcare Solutions, Inc. Motion to Dismiss Defendants' Counterclaims [#30] is GRANTED; and

IT IS FINALLY ORDERED that Defendants' counterclaims are DISMISSED WITH PREJUDICE.

SIGNED this the 29th day of March 2018.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE